**John HOLDAWAY, Plaintiff-Appellant,**

v.

**AMOCO PRODUCTION COMPANY, Defendant-Appellee.**

No. 82–2216.

United States Court of Appeals, Tenth Circuit.

Dec. 11, 1984.

Frank D. Neville, Casper, Wyo. (Richard E. Day of Williams, Porter, Day & Neville, Casper, Wyo., with him on brief), Williams, Porter, Day & Neville, Casper, Wyo., for defendant-appellee.

David B. Hooper, Riverton, Wyo., for plaintiff-appellant.

Before HOLLOWAY, Chief Judge, and SETH and McKAY, Circuit Judges.

PER CURIAM.

Plaintiff was injured while employed by Colorado Well Service as a motorman on a

drilling rig. At the time of the accident, CWS was under contract to drill a well for defendant Amoco. Plaintiff alleged that several defects in the design, maintenance and operation of the rig contributed to his injury. He claims that Amoco was negligent in failing to correct the safety hazards or to terminate the work until the hazards had been corrected.

The district court granted the defendant's motion for summary judgment, finding that under the terms of the contract between Amoco and CWS, CWS was an independent contractor and therefore Amoco had no duty toward plaintiff, one of CWS's employees. Plaintiff appeals claiming that there is a legitimate dispute as to whether CWS was an independent contractor.

Summary judgment is proper only "when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c).

The essential question in this case is whether CWS was an independent contractor of Amoco. This question turns on whether Amoco had in fact retained sufficient control over CWS's operations that it could not in law shield itself from liability for plaintiff's injury.

There appears to be some question over whether the contract as written reserves such a right to Amoco. Regardless of whether the contract purports to make CWS an independent contractor, however, it will not protect Amoco if it may be inferred from facts and circumstances revealed by the evidence that the real relationship between Amoco and CWS was that of master and servant. *McReynolds v. Oklahoma Turnpike Authority*, 291 P.2d 341, 345 (Okla.1955); *Ulibarri Landscaping Material, Inc. v. Colony Materials Inc.*, 97 N.M. 266, 639 P.2d 75, 78 (1981); *see also Stockwell v. Morris*, 46 Wyo. 1, 22 P.2d 189 (1933) (issue in determining whether master-servant relationship exists

is *control or* right to control). The extent to which Amoco actually retained the right to control is primarily a question of fact for the jury. *Combined Insurance Co. of America v. Sinclair*, 584 P.2d 1034, 1042 (Wyo.1978).

Deposition evidence in the hearing for summary judgment clearly creates an issue of fact on the question of Amoco's control over the claimed hazardous situation that resulted in the plaintiff's injury. The following excerpt from the deposition of an Amoco employee, which was quoted to the judge during the hearing, is sufficient to create a factual question:

Q  If you should observe on the well site violations of any rules, regulations, or laws that you know about, what procedure would you employ, what would you do about it?

A  If it was along the line of safety of somebody working on there, I would tell them directly at the time. If there was a matter of safety of someone working on there. But if they was doing something unsafe, I'd go through the pusher, and if the pusher wasn't there I would talk to the driller on the job at the time.

Q  What would you do if you observed an unsafe condition on or about the drilling rig?

A  Get it corrected immediately.

Q  How would you accomplish that?

A  Just go through the tool pusher, and if he wasn't around, go to the driller.

Q  You wouldn't shut down operations or anything of that nature, would you?

A  We'd shut down operations if it was necessary, yes, until it was corrected.

Q  You have the authority to shut down operations—

A  Oh, yeah.

Record, vol. 6, at 22. Mr. Bates, the Amoco employee, clearly felt he had the right and the responsibility to correct unsafe conditions on the CWS drilling rig.

The court below ruled that the contract did not give Amoco the right to control, but ignored the factual question, legitimately raised by the Bates deposition, of whether Amoco had in fact retained the right to control notwithstanding the contractual language. Plaintiff has carried his burden of showing that a genuine issue of fact exists on the question of Amoco's control, and summary judgment on this issue was improper.

The decision is reversed and the case is remanded.